## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------x
                       :

**JEFFREY WARE**                :     **CIVIL ACTION NO.**
    *Plaintiff*            :
                       :

**v.**                      :     **JURY TRIAL REQUESTED**
                       :

**ADECCO USA INC., and UPS SUPPLY:**
**CHAIN SOLUTIONS, INC.**       :     **MAY 3, 2018**
    *Defendant*        :
------------------------------------------------------x

### COMPLAINT

**INTRODUCTION:**

    1.     This is an action to redress interference and retaliation in violation of the American with Disabilities Act Amendments Act of 2008 (hereinafter "ADAAA") 42 U.S.C § 12102 *et seq.*

**JURISDICTION:**

    2.     Jurisdiction of this Court is invoked under the provisions of 42 U.S.C. § 12102 et seq., federal question jurisdiction, as the Plaintiff's claims arise under the laws of the United States, specifically, the ADAAA.

    3.     The Plaintiff filed an administrative complaint against Adecco USA, Inc. with the Commission on Human Rights and Opportunities on or about April 20, 2017. Plaintiff received a Release of jurisdiction letter dated May 2, 2018. This complaint is brought within ninety (90) days of the Release of Jurisdiction letters, both of which are attached hereto as **EXHIBIT A.**

    4.     The Plaintiff filed an administrative complaint against Adecco USA, Inc. with the Equal Employment Opportunity Commission against UPS Supply Chain

1

Solutions, Inc. on or about September 28, 2017. Plaintiff received a Right to Sue letter dated March 27, 2018. This complaint is brought within ninety (90) days of the Release of Jurisdiction letters, both of which are attached hereto as **EXHIBIT B.**

**PARTIES:**

5.      The Plaintiff in this matter, Jeffrey Ware (hereinafter, "the Plaintiff"), was at all times relevant to this Complaint a resident of the Town of Enfield, State of Connecticut.

6.      The Defendant in this matter is Adecco USA, Inc. (hereinafter, "the Defendant or the Adecco"),  is a corporation created and existing under the laws of the State of Delaware with a  business address at 10151 Deerwood Park Blvd., 200, Ste 400, Jacksonville, FL 32256.

7.      The Defendant UPS Supply Chain Solutions, Inc. (hereinafter, "the Defendant or the UPS SCS"),  is a corporation created and existing under the laws of the State of Delaware with a business address of 12380 Morris Road, Alpharetta, GA, 30005.

**ALLEGATIONS:**

8.      Adecco is a staffing agency with locations throughout the state of Connecticut.

9.      Plaintiff was hired by Adecco in September of 2016 through its 122 Prospect Hill Road, East Windsor, CT location.

10.     Plaintiff was placed by Adecco to work at the UPS SCS located at the Pratt and Whitney location in East Hartford where he was assigned different duties.

11.     Plaintiff has a disability, specifically Plaintiff suffers from Seizures.

2

12.     On or about December 29, 2016, Plaintiff suffered a work place injury to his eye and facial injuries.

13.     Plaintiff had a seizure, passed out at work and fell hitting his head.

14.     Following Plaintiff's work place injury he filed a workers' compensation claim for the injuries sustained.

15.     Following Plaintiff's work place injury he was out of work for a period of time.

16.     Plaintiff's cardiologist placed a heart monitor in his chest stating Plaintiff would need it for a year.

17.     Plaintiff's neurologist prescribed Plaintiff medication for seizures.

18.     Plaintiff was released by his Cardiologist to return to work as of January 6, 2017.

19.     Plaintiff returned to work and worked for three days with no issue.

20.     On or about January 11, 2017, Plaintiff was called by Adecco and told not to return to work the following day.

21.     Adecco told Plaintiff that since he used to work for UPS SCS twenty (20) years ago they were unable to hire him.

22.     The supervisor for UPS SCS had been at the work site since Plaintiff started there in September of 2016.

23.     The Defendants terminated Plaintiff's employment on or about January 12, 2017.

24.     At all times relevant the Plaintiff was able to perform the essential functions of his job with or without a reasonable accommodation.

3

25. Any and all reasons for termination provided by the Defendants are pretext to mask unlawful discrimination.

**COUNT ONE:** **Disability Discrimination/ Perceived Disability in Violation of Conn. Gen. Stat. § 46a-60(a)(1) as to Adecco USA, Inc.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 25 above as Paragraphs 1 through 25 of this First Count as if fully set forth herein.

26. The Defendant terminated the Plaintiff's employment because of her medical disability / perceived medical disability. The foregoing conduct of the Defendant constitutes disability discrimination in violation of the CFEPA.

27. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment. As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to her loss and detriment.

28. As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

29. As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT TWO:** **Retaliation for Needing a Reasonable Accommodation in Violation of Conn. Gen. Stat. § 46a-60(a)(4) as to Adecco USA, Inc.**

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 25 above as Paragraphs 1 through 25 of this Second Count as if fully set forth herein.

4

26.     The Defendant refused to engage with Plaintiff to determine whether it could provide her with a reasonable accommodation and ultimately failed to provide her with a reasonable accommodation.

27.     The foregoing conduct of the Defendant constitutes failure to accommodate in violation of the CFEPA.

28.     As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment.  As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to her loss and detriment.

29.     As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

30.     As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:     Retaliation in Violation of Conn. Gen. Stat. § 31-290a at to Adecco USA, Inc.**

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 25 above as Paragraphs 1 through 25 of this Third Count as if fully set forth herein.

26.     The Plaintiff was retaliated against and terminated for exercising or attempting to exercise her rights the Worker's Compensation Statute in violation of Connecticut General Statutes § 31-209a.

27.     As a result of the Defendant's actions, the Plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

5

28.    As a result of the Defendant's actions, as aforesaid, the Plaintiff has suffered emotional distress.

29.    Furthermore, as a result of the Defendant's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the Plaintiff is entitled.

**FOURTH COUNT:**          **Disability Discrimination in Violation of the ADAAA as to UPS Supply Chain Solutions, Inc.**

1.    Paragraphs 1 through 25 of the first count are hereby repeated and re-alleged as Paragraphs 1 through 25 of this, the fourth count, as if fully set forth herein.

26.    The Defendant terminated the Plaintiff's employment on the basis of his disability.

27.    Defendant's actions violate The Americans with Disabilities Act amendments Act of 2008, which prohibits discrimination on the basis of disability.

28.    As a result of the defendant's actions, the plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

29.    As a result of the defendant's actions, as aforesaid, the plaintiff has suffered emotional distress.

30.    Furthermore, as a result of the defendant's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the plaintiff is entitled.

**FIFTH COUNT:**     **Perceived Disability Discrimination in Violation of the ADA as to UPS Supply Chain Solutions, Inc.**

1.    Paragraphs 1 through 25 of the first count are hereby repeated and re-alleged as Paragraphs 1 through 25 of this, the fifth count, as if fully set forth herein.

26.    The Defendant terminated Plaintiff's employment on the basis of his perceived disability.

27.    Defendant's actions violate The Americans with Disabilities Act amendments Act of 2008, which prohibits discrimination on the basis of disability real or perceived.

28.    As a result of the defendant's actions, the plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

29.    As a result of the defendant's actions, as aforesaid, the plaintiff has suffered emotional distress.

30.    Furthermore, as a result of the defendant's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the plaintiff is entitled.

**SIXTH COUNT:**          **Retaliation for Needing a Reasonable Accommodation in Violation of the ADAAA as to UPS Supply Chain Solutions, Inc.**

1.    Paragraphs 1 through 25 of the first count are hereby repeated and re-alleged as Paragraphs 1 through 25 of this, the sixth count, as if fully set forth herein.

26.    Defendant terminated the Plaintiff's employment in retaliation for his need for a reasonable accommodation.

27.    Defendant's actions violate The Americans with Disabilities Act amendments Act of 2008, which prohibits discrimination on the basis of disability real or perceived.

28.    As a result of the defendant's actions, the plaintiff has suffered a loss of compensation, including lost wages and lost employment benefits.

7

29.     As a result of the defendant's actions, as aforesaid, the plaintiff has suffered emotional distress.

30.     Furthermore, as a result of the defendant's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which the plaintiff is entitled.

**WHEREFORE,** the Plaintiff requests the following relief:

1. That the Court assume jurisdiction over this matter;

2. back pay;

3. reinstatement or front pay;

4. attorneys' fees and other allowable costs;

5. damages for emotional distress;

6. punitive damages; and

7. such other relief as the Court deems just and appropriate.

THE PLAINTIFF,
JEFFREY WARE

By: _____
Megan L. Michaud, Esq.
Federal Bar No. ct28813
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-1657
Fax: (860) 296-0676
Email: mmichaud@cicchielloesq.com
His Attorneys

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
----------------------------------------------x
                                              :
TINA MARIE WHITE                              :        CIVIL ACTION NO.
        Plaintiff                             :
                                              :
                                              :
v.                                            :        JURY TRIAL REQUESTED
                                              :
MASSACHUSETTS MUTUAL LIFE                     :
INSURANCE COMPANY                             :        MAY 3, 2018
        Defendant                             :
----------------------------------------------x
```

## REQUEST FOR TRIAL BY JURY

The Plaintiff, Jeffrey Ware, hereby requests trial by jury in the above-captioned matter.

THE PLAINTIFF,
JEFFREY WARE

By: _____

Megan L Michaud, Esq.
Federal Bar No. ct28813
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-1657
Fax: (860) 296-0676
Email: mmichaud@cicchielloesq.com
His Attorneys

## EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Jeffrey Ware**
**COMPLAINANT**

vs.

CHRO No. 1740338
EEOC No. 16A201701048

**ADECCO USA, Inc.**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: **May 2, 2018**

Tanya A. Hughes, Executive Director

cc: Complainant: Jeffrey Ware, 215 Perl Street, Enfield, CT 06082
    Complainant's Attorney: Megan L. Michaud: mmichaud@cicchielloesq.com
    Respondent: n/a
    Respondent's Attorney: Nicole C. Chomiak: nchomiak@grsm.com
    Case File

## **EXHIBIT B**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeffrey Ware<br>215 Perl Street<br>Enfield, CT 06082 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 523-2018-00092 | Edward J. Ostolski,<br>Investigator | (617) 565-3214 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kenneth An*

MAR 27 2018

**Feng K. An,**
**Area Office Director**

(Date Mailed)

Stephanie Delatorre
Polsinelli PC
1201 West Peachtree Street
Suite 1100
Atlanta, GA 30309